**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Cr. No. 08-360 (RCL)** |
| | : | |
| **v.** | : | |
| | : | |
| **PAUL ALVIN SLOUGH,** | : | |
| **NICOLAS ABRAM SLATTEN,** | : | |
| **EVAN SHAWN LIBERTY,** | : | |
| **DUSTIN LAURENT HEARD, and** | : | |
| **DONALD WAYNE BALL,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S MEMORANDUM REGARDING**
**DEFENDANT SLATTEN'S STATUS AS A PARTY**[1]

As directed by the Court at the November 5, 2012 status hearing, the United States of America hereby submits the following regarding defendant Slatten's status in this case:

**I.   Introduction.**

Nicolas Slatten is a party to this case.  Defendant Slatten was indicted along with the other four defendants; he, along with the other four defendants, moved to dismiss that indictment on *Kastigar*[2] grounds; the defendants' motion to dismiss was granted; the government successfully appealed that dismissal; and Slatten, along with the other four defendants, was a party to that appeal.  Defendant Slatten is, therefore, in the exact same procedural posture as the other four defendants.

We have discussed with defendant Slatten's attorney the basis for his belief, as stated at the last status hearing, that he is not a party to this matter.  We understand defendant Slatten's

---

[1]     The government is filing a redacted copy of this pleading on the public record and an unredacted, sealed copy with the court and parties pursuant to paragraph 3 of the Court's Order of April 13, 2009 [Dkt #83].

[2]     *Kastigar v. United States*, 406 U.S. 441 (1972).

belief to be based on this observation in the court of appeals' opinion, reversing the *Kastigar* decision of the district court (Judge Urbina): "the government itself moved to dismiss the indictment against Nicholas Slatten, without prejudice to possible later re-indictment, and the district court's grant of the motion has taken Slatten out of the case for now." *United States v. Slough*, 641 F.3d 544, 547 (D.C. Cir. 2011). This observation, however, does not support defendant Slatten's belief because it is simply incorrect. The district court did not grant the government's motion to dismiss vis-à-vis defendant Slatten; instead, it explicitly denied that motion. District Court's Order dated December 31, 2009 [Dkt. #218].

Defendant Slatten also suggested that his belief was based on the government's position during the appellate process that he was no longer a party. The facts, however, do not support this belief either, since the government never took that position. As set forth in detail below, throughout the appellate process, the government not only understood that defendant Slatten was a party, we explicitly appealed the district court's order vis-à-vis defendant Slatten because it had implications for re-indicting him.

To the extent that any confusion regarding defendant Slatten's status in this case has arisen, the Court should resolve it in favor of finding that he is a party. To find otherwise would be equivalent to concluding that the court of appeals had affirmed the district court's *Kastigar* rulings regarding defendant Slatten, *sub silencio*. This would be at odds with the court of appeals' finding that Judge Urbina "made a number of systemic errors based on an erroneous legal analysis," *Slough*, 641 F.3d at 550, its understanding that defendant Slatten could be re-indicted, *id.* at 547, and its final judgment, whereby it ordered that "the judgment of the District Court *appealed from in this case* is hereby vacated . . . ." (Tab 1) (emphasis added). Furthermore, finding that defendant Slatten is not a party to this case would potentially be

contrary to the public interest, as the government arguably would be precluded from recharging him. Defendant Slatten, however, would suffer no recognizable prejudice as a party to this case, where he explicitly acknowledged in his petition to stay the mandate that he would not "suffer substantial harm" from the delay occasioned by the appellate process in this case. (Defendants' Consent Motion to Stay the Mandate (including defendant Slatten), at p. 7 (Tab 2)).

## II.   Defendant Slatten is a party to this case.

This case began on December 4, 2008, when the grand jury returned an indictment against defendant Slatten and four others. [Dkt. #1]. Thereafter, all five defendants—including defendant Slatten—moved to dismiss the indictment, alleging *Kastigar* violations. [Dkt. #159]. On November 20, 2009, after the *Kastigar* hearing, but before the district court had ruled, the government moved to dismiss the indictment as to defendant Slatten, alone, without prejudice. [Dkt. #167]. On December 31, 2009, the district court ruled on the defendants' and the government's respective motions. The ruling explicitly:

> **ORDERED** that the defendants' motion to dismiss the indictment based on the government's violations of *Kastigar* and *Garrity* is **GRANTED**; and it is

> **FURTHER ORDERED** that the indictment is dismissed against all defendants; and it is

> **ORDERED** that the government's motion to dismiss the indictment against defendant Slatten without prejudice is **DENIED as moot**.

[Dkt. #218 (emphasis in original)]. At that point, defendant Slatten was placed in the same procedural posture as the other four defendants, namely, the indictment against him had been dismissed on *Kastigar* grounds.[3]

---

3    On December 4, 2009, defendant Slatten moved to dismiss the indictment alleging prosecutorial misconduct [Dkt. #183], and on January 19, 2010, the district court denied that motion. [Dkt. #232]. Defendant Slatten did not appeal this order.

On January 29, 2010, the government appealed the district court's December 31, 2009, order dismissing the indictment against all five defendants.  [Dkt. #235].  Defendant Slatten was a party to the government's appeal.  He was listed, along with the other four defendants, in the government's notice of appeal, *id.*; likewise, defendant Slatten was listed as a party to the appeal in both the government's and the defendants' briefs.  The government's brief stated:

### A.    PARTIES AND AMICI

> The parties appearing in the district court were the United States of America as plaintiff and defendants Paul Alvin Slough, *Nicholas Abram Slatten*, Evan Shawn Liberty, Dustin Laurent Heard, and Donald Wayne Ball.  *These same parties are before this Court.*  There are no intervenors or amici.

### B.    RULINGS UNDER REVIEW

> The United States appeals the district court's (Hon. Ricardo M. Urbina) dismissal of the indictment in a criminal case, D.C. No. 08-0360.  The court's opinion was entered on December 31, 2009, and is reported at 677 F.Supp.2d 112 (D.D.C. 2009).

Government's Appellate Brief (relevant pages of which are attached at Tab 3) (emphasis added). In the joint appellees' brief, which was signed by Slatten's attorney, the defendants confirmed that Slatten was a party to the appeal:  "The parties who appeared in the district court and who are parties in this Court are listed in the Brief for the United States." (Defendants' Appellate Brief, at p. i (relevant pages of which are attached at Tab 4).  Consistent with these representations, at oral argument, Bruce C. Bishop, Esq., announced that he was appearing on behalf of defendant Slatten, among others:  "Good morning, and may it please the Court, Bruce Bishop on behalf of *all five appellees*."  Transcript of Oral Argument, at p. 42 (relevant pages attached as Tab 5) (emphasis added).  In sum, defendant Slatten was as much a part of the appeal in this case as the other four defendants.

On April 22, 2011, the court of appeals issued its judgment in this case.  In that judgment, the court:  "**ORDERED** and **ADJUDGED** that the judgment of the District Court appealed from in this cause is hereby vacated and the case is remanded, in accordance with the opinion of the court filed herein this date." (Judgment of the Court of Appeals dated April 22, 2011 (Tab 1) (emphasis in original)).  The judgment that had been "appealed from" was the district court's December 31, 2009 order dismissing the indictment against all five defendants—including defendant Slatten.  Notice of Appeal [Dkt. #235].

The accompanying opinion mistakenly observed that the district court had granted the government's motion to dismiss the indictment against defendant Slatten without prejudice (*see* §III, *infra*), but the judgment—not the opinion—governs. S*ee, e.g., Eakin v. Continental Illinois Nat'l Bank & Trust Co.*, 875 F.2d 114, 118 (7th Cir.1989) ("Judicial opinions do not create obligations; judgments do.  [citation omitted]  In the event of a conflict between the opinion and the judgment, the judgment controls."); *Pratt v. Pratt*, 665 P.2d 400, 403 (Wash. 1983) ("'The rule is well established that courts speak through their judgments and decrees, not their oral statements or written opinions.'") (citation omitted); *Joslin v. Fourteenth District Judge*, 255 N.W.2d 782, 785 (Mich. App. Ct. 1977) ("a court speaks through its orders, not its opinions"); *Roessler & Hasslacher Chemical Co. v. United States*, 1926 WL 27837 *4 (U.S. Ct. Customs App. 1926) ("Therefore the decision, or written opinion as it is frequently called, should state the reasons upon which its judgment is based.  However, such decision or opinion is no part of the judgment, and, if there is a variance, the judgment controls and must be considered as determining the rights of the parties."); *In re Yorba's Estate*, 167 P. 854, 856 (Cal. 1917) ("An 'opinion' is the informal expression of the views of the court, and cannot prevail against its final order or decision.").

On the same day it issued its judgment, the court of appeals ordered its clerk to "withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing *en banc* . . . without prejudice to the right of any party to move for expedited issuance of the mandate for good cause shown." (Tab 6). Presumably, if the court of appeals had, *sub silencio*, affirmed the district court's order dismissing the indictment vis-à-vis defendant Slatten, or if he were no longer in the case for some other reason, he would have moved for issuance of the mandate. That course would have allowed him to move forward, while the other "parties" conducted further appellate litigation. Defendant Slatten, however, did not move for issuance of the mandate.

Instead, on June 6, 2011, defendant Slatten joined his co-defendants' petition for rehearing *en banc*. (Tab 7) Obviously, defendant Slatten would not have had standing to request an *en banc* rehearing unless he was still a party to the case. Defendant Slatten was so designated in the defendants' petition:

> **A. Parties and Amici**
>
> The parties who appeared in the district court and who are parties in this Court are Appellant the United States of America, and Defendants-Appellees Paul Alvin Slough, *Nicholas Abram Slatten*, Evan Shawn Liberty, Dustin Laurent Heard, and Donald Wayne Ball. There are no intervenors or amici.

Defendant's Petition for Hearing *En Banc*, at p. 23 (Tab 7) (emphasis added).

On July 19, 2011, the court of appeals declined to rehear the case *en banc*. *Slough*, 641 F.3d 544. Further demonstrating that he remained a party to this case, defendant Slatten joined his co-defendants' request to stay the mandate pending the Supreme Court's ruling on a petition for a writ of *certiorari*. (Tab 2) Again, defendant Slatten would not have had standing to take this action unless he was still a party to this case. While explaining the need to stay the mandate,

the defendants, including defendant Slatten, explained the import of defendant Slatten's continued status as a party to this case:

> It would be inefficient for the parties to begin comprehensive remand proceedings, while the Supreme Court has under consideration issues regarding the applicable law that could change the standard for the district court's review of the record, especially respecting prosecutors' nonevidentiary use of Defendants' compelled statements. This is particularly true for Defendants Heard and Ball— any remand efforts as to them may be wasted, should the Supreme Court ultimately determine that the prosecutors' use of their compelled statements in deciding to charge them (and in obtaining authorization for Heard's indictment) require affirmance of the district court's dismissal of the indictment as to them. *But it is true for all five defendants as well.  . . . Such a decision would affect the remand analysis of nonevidentiary use as to all five defendants*, and not just the prosecutors' use of compelled statements in the decisions to charge Heard and Ball.

Defendants' Consent Motion to Stay Mandate, at p. 5-6 (Tab 2) (emphasis added).  Yet again, defendant Slatten demonstrated that he was a party to this case.  He also—consistent with the government's position—explained why.

On June 4, 2012, the Supreme Court denied the defendants' petition for a writ of *certiorari*. *Slough, et al. v. United States*, __ U.S. __, 132 S.Ct. 2710 (2012).  (The petition had challenged the non-evidentiary use of protected materials in the decision to seek the indictment of Ball and Heard, and defendant Slatten did not join it.)  The clerk of the court of appeals issued the mandate as to defendant Slatten, along with the other four defendants, on June 6, 2012.  [Dkt. #252].

The preceding review of the record demonstrates that defendant Slatten is a party to this case.  The record is clear that defendant Slatten took actions that were available to him only because he is a party to this case.

**III.     Any confusion regarding defendant Slatten's status should be resolved in favor of finding that he is a party to this case.**

As discussed above, the court of appeals factually erred when it stated in its opinion that the district court had granted the government's motion to dismiss the indictment against defendant Slatten, thereby "tak[ing] Slatten out of the case for now."  641 F.3d at 547.  After the *Kastigar* hearing, but before the district court had ruled, the government moved to dismiss the indictment against defendant Slatten, alone, without prejudice, because it had become apparent that tainted evidence may have contributed to the grand jury's decision to indict him.  [Dkt. #167][4]

The district court, thereafter, dismissed the indictment against all five defendants, including defendant Slatten, after finding that there had been pervasive use of tainted evidence in the grand jury.  [Dkt. #218].  When it dismissed the entire indictment, the district court explicitly denied as moot the government's motion to dismiss the indictment against defendant Slatten.  [Dkt. #218].  As a result of the district court's order, defendant Slatten was placed in the same procedural posture as the other five defendants.

The government then appealed the district court's order, which had dismissed the indictment against all five defendants.  [Dkt. #235].  Although the government had determined that the indictment was defective with respect to defendant Slatten, the government nonetheless appealed the district court's dismissal of the indictment against defendant Slatten because the district court's sweeping findings of taint had implications for the government's ability to seek the re-indictment of defendant Slatten.  We note that this is not inconsistent with our view that the pending indictment is insufficient vis-à-vis defendant Slatten, and we adhere to that view.  As

---

[4]          An indictment cannot be dismissed without leave of the court.  Fed. R. Crim. P. Rule 48(a).

we explained in our brief,

> Before the district court ruled, the government moved to dismiss the indictment against Slatten without prejudice. [citation omitted]  It concluded that, based on Frost's testimony at the *Kastigar* hearing, his grand jury testimony **[ REDACTED ]** had been affected by Frost's exposure to Slatten's compelled statement, [citation omitted], and that it could not confidently say the presentation of the tainted testimony was harmless beyond a reasonable doubt.  In response, Slatten moved for dismissal with prejudice, alleging prosecutorial misconduct. [citation omitted].  The court denied that motion, as well as a similar one from Ball.  [citation omitted].
>
> In dismissing the indictment against all defendants, the court dismissed as moot the government's motion to dismiss against Slatten.   [citation omitted]. Although we are not revisiting our view that this indictment is insufficient as to Slatten, we hold open the prospect of reindicting him with untainted evidence not presented to this grand jury.  *Slatten thus remains in this appeal because the court's broad disqualification of evidence* (*e.g.,* all of Frost's and Murphy's testimony, **[ REDACTED ]**) bears not only on whether the case may proceed against the other defendants, but on the viability of any future indictment of Slatten as well.

Government's Appellate Brief, at p. 51, n.19 (Tab 3) (emphasis added).  At oral argument, when asked about defendant Slatten's status, the government responded this way:

> He's not in the case for purposes of, we have moved to dismiss the indictment against Slatten. He remains in our case, however, because if this case is going to proceed in some way, and if we are going to try to re-indict Slatten, we would need a lot of the evidence that's in this current case.

Transcript of Oral Argument at 9; *see generally* 9-11 (copy of relevant pages attached at Tab 5).

Defendant Slatten's representative at oral argument also recognized this:  "The government is also asking for somewhat unusual relief, I think.  Ordinarily, a Court of Appeals reviews the judgment below, not the opinion.  The judgment here dismissed the indictment."  Transcript of Oral Argument, at 43 (Tab 5).

Nevertheless, in its opinion, the court of appeals made a mistake regarding defendant Slatten's status:

9

> We reverse and remand as to four of the defendants; the government itself moved to dismiss the indictment against Nicholas Slatten, without prejudice to possible later re-indictment, and *the district court's grant of the motion has taken Slatten out of the case for now. United States v. Slough*, 677 F.Supp.2d 112, 115–116 & n. 2 (D.D.C.2009).

*Slough*, 641 F.3d at 547 (emphasis added).  The court of appeals' statement ("[w]e reverse and remand as to four of the defendants") is plainly based on its corollary assumption (that the district court had granted the government's motion to dismiss the indictment vis-à-vis defendant Slatten).  But that assumption is simply incorrect.

The district court had explicitly denied as moot the government's motion to dismiss the indictment against defendant Slatten.  [Dkt. #218].  In support of its incorrect observation, the court of appeals cited footnote two of the district court's opinion.  Although footnote two states that the government moved to dismiss the indictment against defendant Slatten, it does not state that the motion was granted.  In fact, in another footnote, the district court directly addressed this issue:  "Because the court dismisses the indictment against all of the defendants, including defendant Slatten, *it denies as moot the government's motion for leave to dismiss the indictment against defendant Slatten without prejudice.*"  *Slough*, 677 F.Supp.2d at 166, n.67 (emphasis added); *see also* District Court's December 31, 2009 Order [Dkt. #218] (denying the government's motion to dismiss the indictment as to defendant Slatten as moot).[5]

---

[5]     Notably, the court of appeals at another point in its opinion recognized that the district court dismissed the indictment against all five defendants, including defendant Slatten, on *Kastigar* grounds:

> The district court dismissed an indictment against *the five defendants* on the ground that the evidence presented to the grand jury, and indeed the decision to prosecute two of the defendants, were tainted by statements of the defendants that for purposes of this appeal are conceded to have been compelled . . . .

*Slough*, 641 F.3d at 547 (emphasis added).  This correct observation is juxtaposed with the court of appeals' incorrect observation that the district court had granted the government's motion to dismiss the indictment against defendant Slatten, alone.

10

If, as defendant Slatten claims, he is out of the case, it would be the equivalent of concluding that the court of appeals had affirmed, *sub silencio,* the district court's *Kastigar* ruling as to defendant Slatten.   That, however, could not have been what the court of appeals intended.   To the contrary, it found that Judge Urbina "made a number of systemic errors based on an erroneous legal analysis."   *Slough*, 641 F.3d at 550.   Those errors—including the finding of pervasive evidentiary and nonevidentiary taint—apply to defendant Slatten in equal force (as he himself has acknowledged (Tab 2, at 5)).   To take defendant Slatten out of the case, therefore, arguably would bar his prosecution, because the government could not proceed against him if all of the district court's *Kastigar* rulings stand vis-à-vis defendant Slatten.   Such a result would be entirely inconsistent with the court of appeals' view that defendant Slatten may be re-indicted and is only out of the case "for now."   *Slough*, 641 F.3d at 547.   *See Security Mutual Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1066 (10th Cir. 1980) ("If there is any ambiguity or obscurity or if the judgment fails to express the rulings in the case with clarity or accuracy, reference may be had to the findings and the entire record for the purpose of determining what was decided.")

Finding that the court of appeals did not reverse and remand with respect to defendant Slatten would be contrary to the public interest for an additional reason:  If the Court were to find that the court of appeals did not reverse the district court's decision vis-à-vis defendant Slatten, then district court's order dismissing the indictment vis-à-vis defendant Slatten arguably became final on June 6, 2012, the day that the mandate was issued.   In that case, a new indictment

---

The government arguably should have moved to have the opinion corrected but failed to recognize that the error could be misused by defendant Slatten to argue that he is no longer a party.  Given the positions of the parties during the appellate process, including defendant Slatten's position after the court of appeals rendered its decision, as recounted above, the government did not believe that it was necessary to raise this error with the court of appeals.

against defendant Slatten arguably would be time barred.  18 U.S.C. §§ 3282, 3289.  On the other hand, finding that the court of appeals did reverse and remand with respect to defendant Slatten would not cause him any recognizable prejudice, as he has already acknowledged that, "No party will suffer substantial harm if remand proceedings are delayed for the relatively short time necessary for the Supreme Court to act on a *certiorari* petition.  *If the Supreme Court denies review, remand will proceed in [an] orderly fashion with little if any impact from the delay.*" Defendants' Consent Motion to Stay Mandate, at 7 (Tab 2) (emphasis added).

Defendant Slatten clearly understood that he remained a party to this case, notwithstanding the court of appeals' incorrect observation.  Defendant Slatten's understanding that he remained a party to this case is evidenced by, among other things, the following:  (1) his participation in defendants' request for rehearing *en banc*, (2) his participation in defendants' request that the court of appeals' mandate be stayed pending a request for a writ of *certiorari*, and (3) his failure to ever request that the mandate be issued with respect to himself.

At bottom, one demonstrably mistaken observation in the court of appeals opinion— regarding whether the district court had granted the government's motion to dismiss—should not be read in a way that undermines both the clear procedural history showing that defendant Slatten is a party and the court of appeals' equally clear intention to reverse the district court's *Kastigar* rulings as to all five defendants.  When the court of appeals' clear intention that defendant Slatten may be re-indicted, defendant Slatten's own actions, and his concession that he would suffer no recognizable prejudice are juxtaposed with the potential adverse consequences for the public interest, the Court should resolve any confusion about defendant Slatten's status in this case in favor of his inclusion.

**IV.    Conclusion.**

Defendant Slatten is a party to this case.  He is in the same procedural posture as his co-defendants.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney
D.C. Bar No. 447-889

By:      _____/s/_____
Gregg A. Maisel
Chief, National Security Section
D.C. Bar No. 447-902
gregg.maisel@usdoj.gov

By:      _____/s/_____
John Crabb Jr.
Assistant United States Attorney
N.Y. Bar No. 2367670
john.d.crabb@usdoj.gov

By:      _____/s/_____
David Mudd
Special Assistant United States Attorney
D.C. Bar No. 995154
david.mudd2@usdoj.gov

National Security Section
U.S. Attorney's Office
555 4th Street, NW, 11th Floor
Washington, D.C.  20530
(202) 252-7785